Joseph G. Fritsch, J.
In this article 78 proceeding the petitioners seek an order prohibiting respondents from conducting an election on the 4th day of November, 1975 for the vacancy now existing in the office of the Judge of Livingston County Court and a further order directing that the election for this judicial position be held no earlier than the Tuesday after the first Monday of November, 1976.
On August 4, 1975 the Honorable George T. Stewart submitted his resignation as Livingston County Judge, Surrogate and Family Court Judge, effective on August 4, 1975 to the Honorable Mario Cuomo, Secretary of State of the State of New York. The resignation was received and filed by the *988 Secretary of State on August 5, 1975. On the 13th day of August, 1975 the respondent, Margaret McCaughey, County Clerk of Livingston County, New York, received a letter from the Secretary of State dated August 11, 1975 informing her of the resignation of Honorable George T. Stewart and enclosing a copy of his resignation. The letter of resignation was filed in the Livingston County Clerk’s office by the respondent Margaret McCaughey, County Clerk, and thereafter she, as the County Clerk of Livingston County, pursuant to section 67 of the Election Law of the State of New York certified to the Board of Elections of Livingston County that a vacancy existed in the office of County Judge by reason of the resignation of the Honorable George T. Stewart, and directed that such office should be voted on at the general election to be held on November 4, 1975.
The petitioners maintain that the letter of resignation of Judge Stewart, which resignation letter dated August 4, 1975, stated as follows:
"I, George T. Stewart, hereby resign as Livingston County (State of New York) Judge, Surrogate and Family Court Judge, effective today, August 4, 1975. [Emphasis added.]
Signed at Geneseo, New York
August 4, 1975”
did not create a vacancy in his office as would require election for said office at the general election of November 4, 1975 under subdivision a of section 21 of article VI of the Constitution of the State of New York. They contend that the resignation was not effective until August 5, 1975, the date it was received and filed by the Secretary of State and that, therefore, there was no vacancy under the State Constitution to be filled in accordance therewith at the general election of November 4, 1975. They further contend that section 67 of the Election Law was not complied with by the Livingston County Clerk and that her act of certification was therefore void and unconstitutional.
The questions presented in this proceeding are:
1. Did the respondent, Margaret McCaughey, County Clerk of Livingston County, lawfully and properly certify to the Livingston County Board of Elections that the office of Livingston County Judge be voted for at the general election to be *989 held November 4, 1975 pursuant to section 67 of the Election Law?
2. Did the resignation of the Honorable George T. Stewart cause a vacancy to occur for filling at the general election to be held on November 4, 1975, pursuant to subdivision a of section 21 of article VI of the Constitution of the State of New York?
As to question "1”, the County Clerk of Livingston County acted on the authority of section 67 of the Election Law which reads in pertinent part as follows: "The secretary of state shall, at least three months before each general election make and transmit to the board of elections of each county, and of the city of New York, a certificate stating each officer, except county, city, village and town officers, and including senators and members of assembly who lawfully may be voted for at such election by the voters of the county or of such city, or any part thereof. Each county, city, village and town clerk shall within the same time make and transmit to the board of elections a certiñcate stating each county, city, village or town officer, respectively, not including senators or members of assembly, to be voted for at such election. ” (Emphasis added.) This section directed her, as County Clerk, to certify to the Livingston County Board of Elections at least three months before November 4, 1975, that the office of County Judge for Livingston County be voted upon at the general election to be held November 4, 1975. Under the facts herein, assuming that a vacancy existed by reason of a valid resignation made under the Public Officers Law, it was an impossibility for the County Clerk to make the certification at least three months before the next general election.
The County Clerk could not comply because she did not receive notice of the resignation from the Secretary of State until August 13, 1975, less than three months before November 4, 1975. When she did receive the official notice of the resignation from the Secretary of State, she acted promptly and timely pursuant to section 67 of the Election Law in making and transmitting the required certification to the Board of Elections. Literal compliance with section 67 of the Election Law is not required when measured against the mandate of that part of the State Constitution (art VI, § 21, subd a) which states as follows: "shall be filled for a full term at the next general election held not less than three months after such vacancy occurs”.
*990 It is directory and ministerial only and has as its purpose the giving of sufficient time to the Board of Elections for the preparation of ballots and voting machinery. Here the board was given sufficient notice. To hold otherwise, would give to the Secretary of State or his agents or to a County Clerk or his agents the power to thwart the Constitution of the State of New York either by nonfeasance or malfeasance by merely delaying the notice of receiving and filing of resignation or the certification of vacancy until later than three months before the general election. Her certification was legally and properly made in compliance with section 67 of the Election Law which is directory and ministerial only. (See Election Law, § 67; NY Const, art VI § 21, subd a.)
The determination of question "2”, whether or not a vacancy in office occurred by the resignation of Judge Stewart such as required filling at the general election to be held on November 4, 1975, pursuant to subdivision a of section 21 of article VI of the Constitution of the State of New York, is controlled by the interpretation given to section 31 of the Public Officers Law. Subdivision a of section 21 of article VI of the Constitution and the pertinent parts of section 31 of the Public Officers Law state as follows:
"§ 21.a. When a vacancy shall occur, otherwise than by expiration of term, in the office of justice of the supreme court, of judge of the county court, of judge of the surrogate’s court or judge of the family court outside the city of New York, it shall be filed for a full term at the next general election held not less than three months after such vacancy occurs and, until the vacancy shall be so filled, the governor by and with the advise and consent of the senate, if the senate shall be in session, or, if the senate not be in session, the governor may fill such vacancy by an appointment which shall continue until and including the last day of December next after the election at which the vacancy shall be filled. (Emphasis added.).
"§ 31. Resignations.
"1. Public officers may resign their offices as follows: * * *
"d. County judges, family court judges, and surrogates, to the secretary of state; * * *
"2. Every resignation shall be in writing addressed to the officer or body to whom it is made. If no effective date is specified in such resignation, it shall take effect upon delivery to or filing with the proper officer or body. If an effective date *991 is specified in such resignation, it shall take effect upon the date specified, provided however, that in no event shall the effective date of such resignation be more than thirty days subsequent to the date of its delivery or filing. If such resignation specifies an effective date that is more than thirty days subsequent to the date of its delivery or filing, such resignation shall take effect upon the expiration of thirty days from the date of its delivery or filing. (Emphasis added.) (See, also, Public Officers Law, § 30.)
By a reading of section 31 of the Public Officers Law, as last amended in 1953 standing alone, it seems clearly evident that since Judge Stewart specified the effective date of his resignation as August 4, 1975, that his resignation would take effect on said specified date, and that his office was therefore vacated on August 4, 1975; however, one must look beyond the word-, ing alone of section 31 to properly determine its meaning as intended by the New York Legislature. The terms of the section before the 1953 amendments, the expressed legislative purpose to be accomplished by said amendments, and the amended sections as a whole must be examined and considered. (See 56 NY Jur, Statutes, § 239 et seq. and 48 NY Jur, Public Officers and Employees, § 239 et seq.; § 243.)
It is clear that before the 1953 amendments every resignation of a public officer became effective upon its filing or delivery to the proper officer. (See L 1928, ch 92.) They could not resign prospectively. The petitioners have submitted in evidence the bill jacket bearing date February 25, 1953 which accompanied the proposed amendments which later were enacted as the amendments to section 31 of the Public Officers Law in 1953. The jacket contained page numbered 122 of the Senate Introductory Number Record relative to the 1953 amendments identified as Introductory No. 1511 stating as follows:
"1511. WILLIAMSON — Provides that resignations of county judges, children’s court judges and surrogates shall be submitted to secretary of state and that resignation of public officers generally shall be effective when delivered or filed, unless otherwise stated therein but not more than 30 days thereafter; clarifies provisions as to resignation of village and town officers. Finance Com. Public Officers Law, § 31; Village Law, § 60; Town Law, § 26. (Same as A. 1629.)
"Feb. 11 Reference changed to Judiciary Com. Feb. 17 Rept. Feb. 18 3rd rdg. Feb. 25 Passed. Feb. 26 Assembly Ways and *992 Means Com. Mar. 10 Com. discharged. 3rd rdg. Passed. Mar. 18 To Gov. Mar. 24 Law, Chap. 187. Printed No. 8. 1589.”
It also contained the memorandum from the Governor’s counsel recommending to the Governor that the proposed bill be signed stating as follows:
"Under the present provision of the Public Officers Law it is not possible to resign prospectively. Regardless of the intent of the officer, or the date stipulated in the resignation, it is effective immediately upon receipt. This bill will permit a public officer to fix the date at which his resignation is to become effective. The date stipulated cannot exceed 30 days from the date of delivery or filing of the resignation. Conforming changes are made in the Village and Town Law and a clarificatory change is made to cover the filing of resignations of certain judges not provided for by present law.”
The bill jacket also contained a letter dated March 30, 1953 from the Conference of Mayors and Other Municipal Officials which stated that the bill provided for the resignation of public officers, specifically: "to permit a resignation to become effective not more than 30 days after filing instead of immediately as at present.”
Considering section 31 of the Public Officers Law, as it read before the 1953 amendments, bill jacket material and the language of the statute itself such as the words "subsequent to the date of its delivery or filing” in subdivision 2 and the phrase in subdivision 4 "a resignation delivered or filed pursuant to this section, whether effective immediately or at a specified future date”, and from the total language and history of the statute, together with the knowledge of the specific problem, viz., the inability of a public officer to resign prospectively, that the amendments of 1953 were designed to correct, it is clear that only prospective resignations were envisaged and intended under the amendments of 1953. I hold and interpret subdivision 2 of section 31 of the Public Officers Law to mean at line 4 thereof as though it read as follows: "If an effective date [subsequent to the delivery or filing with the proper officer or body] is specified in such resignation”.
The case of People ex rel. Hart v Goodrich (92 App Div 454, affd 180 NY 522) which is relied upon by the respondents is not interpretative of the meaning of section 31 of the Public Officers Law, since under section 30 of said law the death of the incumbent, ipso facto, created a vacancy. It is only in point in determining the applicability of an existing deter *993 mined vacancy under subdivision a of section 21 of article VI of the New York Constitution. (See Public Officers Law, § 30.)
Accordingly, the resignation of the Honorable George T. Stewart became effective on August 5, 1975, the date it was filed and delivered to the Secretary of State, and accordingly, there was no vacancy in his office existing less than three months before the general election of November 4, 1975 to be filled under the New York Constitution (art VI, § 21, subd a). (See General Construction Law, § 30 and People ex rel. Hart v Goodrich, supra.)
The relief sought by the petitioners is granted and the respondents are prohibited from conducting an election on November 4, 1975 for the vacancy now existing in the office of Judge of the Livingston County Court, and the respondents are further ordered and directed that the election for such vacancy be held in accordance with the law no earlier than the Tuesday after the first Monday of November, 1976.